ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUMMINGBIRD USA, INC.,

Plaintiff,

-v-

TEXAS GUARANTEED STUDENT LOAN
CORPORATION,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/24/07

No. 06 Civ. 7672 (LTS)(GWG)

## MEMORANDUM OPINION AND ORDER

Plaintiff Hummingbird USA, Inc. ("Plaintiff" or "Hummingbird") brings this

action seeking a declaratory judgment regarding a provision of its contract for services with

Defendant Texas Guaranteed Student Loan Corporation ("Defendant" or "TG"). Defendant

moves for an order transferring this action to the Western District of Texas, or, in the alternative,

dismissing the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The

Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332 and 1441. For the reasons

that follow, Defendant's motions are denied in their entirety.

## BACKGROUND

The facts alleged in Plaintiff's Complaint are taken as true for the purposes of this

motion. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide,

Inc., 369 F.3d 212, 217 (2d Cir. 2004). Defendant is a public, non-profit corporation established

pursuant to the Texas Education Code as a guarantor for payment of student loans to private

lenders if the borrowers default. Plaintiff is a provider of enterprise software solutions. In

Copies picked up
Copies mailed by counsel of record

December of 2005, Defendant entered into certain contracts with Plaintiff, under which Plaintiff
was to supervise the design, development, testing, installation and implementation of a Records
and Information Management System for the Defendant. (Compl. ¶ 2.) The Master Terms
governing the parties' contractual relationship provide that Hummingbird's liability in connection
with the contract be limited to TG's direct damages, not to exceed the amount of payments made
by Hummingbird to TG under the contract. (Id. ¶ 7.) The Master Terms also contained a choice
of law provision, which selects Texas state law, and a choice of forum provision, which selects
New York.

On or about May 24, 2006, a Hummingbird employee allegedly lost a piece of
computer equipment that stored TG data, including the names and other identifying information
of TG customers. The data was protected by various security measures. (Id. ¶ 10.)
Hummingbird promptly notified TG of this loss, and took steps to assist TG in identifying the
data lost and ameliorating the risk of loss to TG and its customers. (Id. ¶ 11.) TG advised
Hummingbird that it intended to provide notification to its customers regarding the potential loss
of identifying information, and advised Hummingbird that it considered it liable for any future
expenses TG might incur in connection with the loss of the equipment. (Id. ¶ 12.)

On July 13, 2006, TG made a demand upon Hummingbird for $1,043,465.48, an
amount comprising expenses allegedly incurred in the preparation and mailing of notice letters,
storage costs and for attorneys' fees. It also represented to Hummingbird that its damages would
continue to mount and that it expected Hummingbird to reimburse it upon demand for any and all
future expenditures incurred as a result of the loss of the equipment. (Id. ¶ 14.) On September
18, 2006, TG made another demand upon Hummingbird, seeking reimbursement of an additional

$328,466.00.  (Id. ¶ 16.)  On September 22, 2006, Hummingbird commenced this declaratory

judgment action.

## DISCUSSION

### Motion To Transfer

Defendant moves for an order, pursuant to 28 U.S.C. § 1404(a), transferring this

action to the Western District of Texas.  The cited statute provides that "[f]or the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The party

seeking transfer bears the burden of making a showing that the case should be transferred.  See

Eskofot A/S v. E.I. du Pont de Nemours & Co., 872 F. Supp. 81, 95 (S.D.N.Y. 1995) (citing

cases).  Courts have noted that this burden is "significant" and that the showing must be "clear

and convincing."  See, e.g. Pilates v. Pilates Institute, 891 F. Supp. 175, 183 (S.D.N.Y. 1995),

Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 687 (E.D.N.Y. 2005).

Courts routinely examine nine factors when determining whether or not a transfer

pursuant to Section 1404(a) is warranted.  These factors are: (1) the convenience of witnesses;

(2) the location of relevant documents and relative ease of access to sources of proof; (3) the

convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to

compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the

forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of

forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

See Pilates, 891 F. Supp. at 183.  However, "each factor need not be accorded equal weight, and

other factors may be considered." Malone v. Commonwealth Edison Co., 2 F. Supp. 2d 545, 547 (S.D.N.Y. 1998).

Upon careful examination of all of the relevant factors in this case, the Court finds that Defendant has not met its burden of establishing that transfer is warranted here.

### (1) *The Convenience of Witnesses*

To demonstrate that a transfer would serve the convenience of the witnesses the moving party must supply an affidavit that contains detailed factual statements identifying the potential principal witnesses and the general nature of their testimony. See Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d. 203, 208 (S.D.N.Y. 1998). "Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are insufficient basis upon which to grant a change of venue under §1404(a)." Id. at 208-9. Here, Defendant failed to include the requisite factual information in its moving papers, and although Defendant has provided a declaration identifying the witnesses in its reply papers, the Court will not consider this, as arguments cannot be made for the first time in reply papers. See Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); Matera, 355 F. Supp. at 682-3 (denying motion to transfer because only affidavits were attached to reply papers which the court did not consider). Accordingly, this factor does not favor transfer.

### (2) *The Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

Defendant's arguments concerning the location of relevant documents fail for similar reasons, as Defendant has failed to identify a single document it would require that is bulky or difficult to transport. See Sunshine Cellular v. Vanguard Cellular Systems, Inc., 810 F.

Supp. 486, 500 (S.D.N.Y. 1992) (holding that "[a]ccess to documents and other proof is not a persuasive factor in favor of transfer without proof that documents are particularly bulky or difficult to transport.")

(3) *The Convenience of the Parties*

Nor does the convenience of the parties favor transfer. A permissive forum selection clause, such as the one at issue here, is determinative of the parties' convenience. See Richardson Greenshields Securities, Inc. v. Metz, 566 F. Supp. 131, 134 (S.D.N.Y.1983) (holding that "the forum-selection clause is determinative as to the convenience of the parties").

(4) *The Locus of the Operative Facts*

Defendant argues that no operative fact occurred in New York, and that the locus of the operative facts was Texas. Plaintiff counters that the contract was negotiated in both Texas and Canada, not solely in Texas. Even if Texas is the site of more of the operative facts, in light of the Court's conclusions regarding all of the other factors to be considered (including the forum selection clause) and in light of the fact that the Defendant has not established that the operative facts said to have occurred in Texas will be central to the interpretation of the contract, this factor is neutral at best and the Court finds that Defendant has not met its burden of demonstrating that the operative facts of the litigation warrant transfer to Texas.

(5) *The Availability of Process to Compel the Attendance of Unwilling Witnesses*

Both parties agree that the availability of process to compel the attendance of unwilling witnesses is not a factor that will be relevant in this proceeding, as neither can identify any non-party witnesses whose attendance would be required.

*(6) The Relative Means of the Parties*

Although Defendant argues that it is a non-profit corporation and Plaintiff is a for-profit corporation, this argument does not address the relative means of the parties. In addition, "this factor is entitled to little weight where both parties are corporations." Student Advantage, Inc. v. International Student Exchange Cards, Inc., No. 00 Civ. 1971 (AGS), 2000 WL 1290585, at *8 (S.D.N.Y. Sept. 13, 2000). Finally, any party arguing for a transfer on the basis of the relative means of the parties must offer documentation showing that granting or denying the transfer would be unduly burdensome, which Defendant has failed to do. See id.

*(7) The Forum's Familiarity With the Governing Law*

Although Defendant concedes that this Court is competent to apply Texas law, it argues that a Texas court is more familiar with that law. "In a 1404(a) motion to transfer, the 'governing law' factor is to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the substantive law of other states." KPMG Consulting, Inc. v. LSQ II, LLC, No. 01 Civ. 11422 (SAS), 2002 WL 1543907, at *5 (S.D.N.Y. July 12, 2002) (internal quotations marks and citation omitted).

*(8) The Weight Accorded the Plaintiff's Choice of Forum*

Regarding the weight accorded the Plaintiff's choice of forum, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). The Second Circuit considers deference on a "sliding scale" basis, giving "greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons," like convenience, "and diminishing deference" to a plaintiff's forum choice to the extent it was motivated by tactical advantage. Iragorri v. United Technologies Corp., 274

F.3d 65, 73 (2d Cir. 2001). Plaintiff contends that it was motivated primarily by convenience in selecting New York as its forum, as its principal U.S. place of business is in New York, and Defendant has not established anything to the contrary.

Furthermore, "courts in New York have consistently held that forum selection clauses are prima facie valid absent a showing they [were] signed as a result of fraud or overreaching, that they are unreasonable or unfair, or that enforcing them would contravene a strong public policy of the forum." Orix Credit Alliance, Inc. v. Mid-South Materials Corp., 816 F. Supp. 230, 233 (S.D.N.Y. 1993). Although Defendant argues that the forum selection clause in this case is "nonsensical," as it is awkwardly phrased and designates Texas as the governing law state but New York as the forum, Defendant does not dispute that it was involved in active negotiations setting the terms of the contract. Thus, the Court sees no reason not to hold the parties to their forum selection clause.

(9) *Trial Efficiency and the Interests of Justice, Based on the Totality of Circumstances*

Finally, regarding trial efficiency and the interests of justice, based on the totality of circumstances, the Court notes that this case is in the early stages of litigation, and no other litigation appears to be pending. There is no compelling reason to transfer. Therefore, Defendant's motion for an order, pursuant to 28 U.S.C. § 1404(a), transferring this action to the Western District of Texas, is denied.

### Motion to Dismiss

Defendant also moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that it fails to state a claim as it involves the improper use of a declaratory

judgment action. In considering a motion to dismiss, the Court is obliged to accept as true the allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. Blue Tree Hotels Inv. v. Starwood Hotels and Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). A court should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court may grant a Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002).

Defendant characterizes Plaintiff's Complaint as one seeking to determine and limit damages for conduct that has already occurred rather than to declare the parties' rights and duties prospectively. Plaintiff counters that it is seeking to clarify and settle the meaning and legal effect of the contract provisions governing its responsibility, if any, for D's "past and *future* voluntarily incurred expenditures," and to "terminate and obtain relief from the uncertainty, insecurity, and controversy created by TG's *repeated and continuing* insistence that Hummingbird must immediately remit to TG not only amounts already incurred by TG but any and all amounts TG may, at its sole discretion, elect to incur *in the future*." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Transfer or Dismiss 16-17 (emphasis in original).)

The Declaratory Judgment Act, provides in pertinent part that:

(a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201 (West 2006).

In Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998 (2d Cir.1969), the

Second Circuit stated that the two principal criteria guiding the policy in favor of rendering declaratory judgments are: (1) whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) whether it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Id. at 1001. If either prong is met, the action must be entertained. See Continental Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992). The Second Circuit has also recognized that "[o]ther circuits have built upon this test, to ask also: (1) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy." Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d 357, 359-360 (2d Cir. 2003).

Here, Plaintiff's Complaint includes allegations that Defendant represented to Plaintiff in a demand letter to it that Defendant's damages, which it expected Plaintiff to pay for, would continue to mount. (Compl. ¶ 14.) The Complaint also alleges that Defendant has "demonstrated that it will continue to make demands upon Hummingbird for reimbursement of [additional expenses it will incur] without regard to the contractual terms binding upon the

parties." (Id. ¶ 23.)  These allegations, along with others in the Complaint, not only state a claim

upon which Plaintiff may be entitled to relief, but also indicate that a judgment would serve a

useful purpose in clarifying and settling the legal relations in issue and/or will terminate and

afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  The

record does not suggest that this case was brought merely for "procedural fencing" or a "race to

res judicata," the use of a declaratory judgment here would not increase friction between

sovereign legal systems or improperly encroach on the domain of a state or foreign court, and the

Court is unaware of any better or more effective remedy.  Accordingly, Defendant's motion to

dismiss the Complaint is denied.


## CONCLUSION

For the foregoing reasons, Defendant's motions are denied in their entirety.  The

initial pre-trial conference scheduled in this case will be held on February 9, 2007, at 11:45 A.M.

The joint preliminary pretrial statement shall be filed (with a courtesy copy to Chambers) by

February 2, 2007.


SO ORDERED.


Dated: New York, New York
       January 22, 2007

LAURA TAYLOR SWAIN
United States District Judge